UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERTO DE JESUS TRONCOSO,

                Plaintiff,

-against-

735 SUPERMARKET CORP., WILMER TEJEDA A/K/A WILBIS B. GONZALEZ and ROSANNA C. TEJEDA DE GONZALEZ,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/19/2025

24 Civ. 5338 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff initiated this action on July 15, 2024. Compl., ECF No. 1. The complaint seeks unpaid minimum and overtime wages, liquidated damages, interest, attorneys' fees, and costs for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and parallel provisions of the New York Labor Law, N.Y. Lab. Law § 190 *et seq. See generally* Compl. Before the Court is Plaintiff's notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i). ECF No. 37.

    On November 15, 2024, Plaintiff filed a status update in which he represented that Defendants had not responded to the lawsuit in any form, requesting until December 20 to initiate default judgment proceedings. ECF No. 16. The Court granted Plaintiff's request and directed Plaintiff to initiate default judgment proceedings by December 20. ECF No. 17. On January 15, 2025, having received no submissions from Plaintiff, the Court ordered Plaintiff to show cause by January 22 why this action should not be dismissed, with prejudice, for failure to prosecute. ECF No. 19. Plaintiff responded, and the Court directed Plaintiff to file a proposed order to show cause for default judgment and accompanying materials by January 31. *See* ECF Nos. 25–26. By order dated January 30, the Court granted Plaintiff's request to extend the deadline to move for default judgment to February 14. ECF No. 36.

    On February 14—the same day Plaintiff's motion for default judgment was due—Plaintiff filed a "Notice of Voluntary Dismissal" under Federal Rule of Civil Procedure 41(a)(1)(A)(i). ECF No. 37. The notice does not state whether the purported dismissal is with, or without, prejudice. *See id.*

    Circumstances such as those just described "raise a concern that the parties have covertly settled FLSA claims in an effort evade judicial review required by *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015)." *De Jesus v. Magnetic Contracting Corp.*, No. 19 Civ. 1842, 2019 WL 4737053, at *1 (S.D.N.Y. Sept. 27, 2019). Although *Cheeks* applies to stipulated dismissals with prejudice, *see Cheeks*, 796 F.3d at 200, "lower courts have persuasively reasoned that notices of dismissal without prejudice should not be used in FLSA cases as a mechanism to effect an end-run around the policy concerns articulated in *Cheeks*," *De Jesus*, 2019 WL 4737053 at *1 (alteration adopted) (citation omitted). Plaintiff here does not specify whether dismissal is with or

without prejudice, but in any event the Court would have concerns that the parties are seeking an end-run around *Cheeks* review. *See De Jesus*, 2019 WL 4737053, at *1–2. Independent of that fact, the Court shall require Plaintiff to specify whether he intends to dismiss his claims against Defendants with or without prejudice.

Accordingly, by **February 24, 2025**, Plaintiff is directed to report whether the parties have reached an agreement that settles the claims asserted in this action. If a settlement has been reached, Plaintiff shall provide a copy of the agreement to the Court or, if not reduced to writing, a statement of the settlement's terms. Plaintiff shall also indicate in his report whether he intends to dismiss his claims with or without prejudice.

SO ORDERED.

Dated: February 19, 2025
        New York, New York

_____
ANALISA TORRES
United States District Judge