```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
ROBERTO DE JESUS TRONCOSO,

                            Plaintiff,

          -against-

735 SUPERMARKET CORP., WILMER
TEJEDA A/K/A WILBIS B. GONZALEZ and
ROSANNA C. TEJEDA DE GONZALEZ,

                            Defendants.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/25/2025

24 Civ. 5338 (AT)

**ORDER**

ANALISA TORRES, District Judge:

"This case underscores the wisdom of judicial or administrative review of all settlements of claims brought under the Fair Labor Standards Act ('FLSA')." *Seck v. Dipna Rx, Inc.*, No. 16 Civ. 7262, 2017 WL 1906887, at *1 (S.D.N.Y. May 8, 2017). Plaintiff brings this action against Defendants for unpaid minimum and overtime wages, liquidated damages, interest, attorneys' fees, and costs for violations of the FLSA, 29 U.S.C. § 201 *et seq.*, and parallel provisions of the New York Labor Law ("NYLL"), N.Y. Lab. Law § 190 *et seq. See generally* Compl., ECF No. 1.

On February 14—the same date Plaintiff's motion for default judgment was due—Plaintiff filed a "Notice of Voluntary Dismissal" under Federal Rule of Civil Procedure 41(a)(1)(A)(i) that did not specify whether dismissal was intended to be with or without prejudice, nor did it specify whether the parties had reached an agreement to settle this matter. ECF No. 37. By order dated February 19, the Court expressed its "concern that the parties [may] have covertly settled FLSA claims in an effort evade judicial review required by *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015)." ECF No. 38 at 1 (quoting *De Jesus v. Magnetic Contracting Corp.*, No. 19 Civ. 1842, 2019 WL 4737053, at *1 (S.D.N.Y. Sept. 27, 2019)). The Court ordered Plaintiff to report whether the parties had settled the claims brought in this action and, if so, to provide a copy of any settlement agreement for the Court to review. *Id.* at 2.

The Court's concern was well founded. Plaintiff's counsel, Colin Mulholland, now represents that, indeed, the parties have reached a settlement agreement. ECF No. 39 at 1. Mulholland claims he "had nothing to do" with it and was not "informed of it until very recently." *Id.* at 2. The letter, of course, does not state *when* Mulholland became aware of the agreement, nor why Mulholland failed to bring it to the Court's attention until ordered to do so. Evidently, Mulholland was aware of the agreement for some time: He appears to have relied on it to file the notice of dismissal, as well as to privately negotiate with Defendants' counsel a payment, made directly to Mulholland, of $1,000 "to compensate [Mulholland] for costs and time." *Id.* at 1. And he did so, apparently, without the participation of his client. *See id.*

Under *Cheeks*, approval from the Department of Labor or a district court is required when a party pursuing an FLSA claim files a stipulation of dismissal with prejudice. 796 F.3d at 206. Mulholland claims that "[t]he proposed notice of voluntary dismissal is intended to be WITHOUT

prejudice because [he] [is] unable to make a proper [*Cheeks*] motion [for settlement approval] that would be required for a dismissal with prejudice." ECF No. 39 at 2. It may be the case, however, that Plaintiff has agreed to dismiss his claims *with* prejudice. If so, his counsel's representation that dismissal is intended to be without prejudice would be nothing more than a bald and impermissible evasion of the review that *Cheeks* requires. Ultimately, the Court cannot determine the truth of the matter because, after being directed by the Court to provide a copy of the settlement agreement, Mulholland has provided nothing more than a single-page document, in Spanish, which he represents to be Plaintiff's settlement agreement with Defendants. ECF No. 39-1.

It is also well settled that, "[u]nder the FLSA and the NYLL, a prevailing *plaintiff* is entitled to reasonable attorneys' fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020) (emphasis added). In other words, the "statute[s] award[] fees to the plaintiff, not to the plaintiff's lawyer." *Seck*, 2017 WL 1906887, at *3. "[T]he very fact that the statutory fee award belongs to the plaintiff is the reason why the negotiated resolution of the award is subject to judicial review." *Id.* Mulholland represents that he has personally negotiated a payment of attorneys' fees and costs with the Defendants' lawyer (who has never appeared in this case), and Defendants have paid Mulholland $1,000 directly, pursuant to that negotiation. ECF No. 39 at 1. If Plaintiff has agreed to dismiss his claims against Defendants with prejudice, then the payment of fees and costs to Mulholland is also subject to review and, potentially, disgorgement. *See Seck*, 2017 WL 1906887, at *1, *3.

Accordingly, by **March 4, 2025**, Mulholland shall provide a true and correct English translation by a competent translator of the purported settlement agreement, accompanied by a declaration of the translator attesting to the accuracy of the translation. Mulholland also shall provide an affidavit sworn by him containing a comprehensive and detailed recounting of the events in this case, including, but not limited to, the dates, manner, and substance of his communications with Defendants and their counsel throughout the duration of this case; the date on which Mulholland became aware of the purported settlement agreement; the date on which Mulholland received a copy of the agreement; and whether Mulholland has undertaken an investigation as to the substance of the agreement and, if so, when he did so and how.[1]

Failure to comply with the Court's order may result in sanctions.

SO ORDERED.

Dated: February 25, 2025
New York, New York

_____
ANALISA TORRES
United States District Judge

---

[1] Nothing in this order shall be construed to require disclosure of privileged attorney-client communications.