```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _3/10/2025_
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
ROBERTO DE JESUS TRONCOSO,

                Plaintiff,

-against-

735 SUPERMARKET CORP., WILMER
TEJEDA A/K/A WILBIS B. GONZALEZ and
ROSANNA C. TEJEDA DE GONZALEZ,

                Defendants.

24 Civ. 5338 (AT)

**ORDER**

ANALISA TORRES, District Judge:

     By order dated February 25, 2025, the Court directed counsel for Plaintiff, Roberto De Jesus Troncoso, to provide a translated copy of the parties' settlement agreement as well as a sworn affidavit recounting the circumstances surrounding the agreement. ECF No. 40. Counsel timely provided the requested materials. ECF No. 41; Settlement, ECF No. 41-1.

     Having reviewed the materials, the Court finds that the Settlement requires approval by the Department of Labor ("DOL") or the Court. In *Cheeks v. Freeport Pancake House, Inc.*, the Second Circuit held that parties to a dispute under the Fair Labor Standards Act ("FLSA") may not "enter into a private stipulated dismissal of FLSA claims with prejudice[] without the involvement of the district court or DOL." 796 F.3d 199, 204, 206 (2d Cir. 2015). The Settlement here indicates that the parties purport to have entered into a private stipulated dismissal of Plaintiffs' claims with prejudice. The Settlement states that, in consideration for a payment of $3,000, Plaintiff "irrevocably from now on and forever" "leave[s] without effect or legal value" and "annul[s]" "any action attempted in [his] name" against Defendants and "formally desist[s] from any type of present or future legal action" against Defendants "both in the Dominican Republic and in the United States of America." Settlement at 1. Because the Settlement contemplates dismissal of Plaintiff's FLSA claims with prejudice, the Settlement is subject to court approval under *Cheeks*.[1] 796 F.3d at 206.

     The Court declines to approve the Settlement. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335–36 (S.D.N.Y. 2012) (listing factors applicable to court approval of FLSA settlements). The record reflects that the Settlement is not the product of arm's-length bargaining between experienced counsel. *See id.* at 335; ECF No. 41 ¶¶ 19, 24. The Court has no indication that the Settlement amount is reasonable in light of Plaintiff's range of possible recovery and the seriousness of the litigation risks the parties face. *See Wolinsky*, 900 F. Supp. 2d at 335; ECF No. 41 ¶ 24 (describing the Settlement's "extremely low recovery"). And the Settlement's liability release clause appears to be overly broad. *See* Settlement at 1; ECF No. 41 ¶ 24; *cf. Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015) (rejecting a liability release clause that waived "unknown claims and claims that ha[d] no relationship whatsoever to wage-and-hour issues").

---

[1] Although Plaintiff's counsel has suggested that the Court could order dismissal of the action without prejudice, *see* ECF No. 39 at 2, doing so would conflict with the plain text of the Settlement, amounting to impermissible judicial "rewriting" of the parties' agreement, *see Fisher v. SD Protection Inc.*, 948 F.3d 593, 605 (2d Cir. 2020).

Indeed, Plaintiff's counsel candidly states that he is "not happy with the agreement," which, in his professional view, does not "suffice[] under *Cheeks* for a variety of reasons." ECF No. 41 ¶ 24 (italics added).

Accordingly, by **March 31, 2025**, Plaintiff shall either file a revised settlement agreement accompanied by a motion for court approval under *Cheeks* or commence default judgment proceedings before Judge Wang. *See* ECF No. 18. No extensions shall be granted absent exceptionally good cause shown.

SO ORDERED.

Dated: March 10, 2025
New York, New York

_____
ANALISA TORRES
United States District Judge

2