```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _4/18/2025_
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
ROBERTO DE JESUS TRONCOSO,

               Plaintiff,

-against-

735 SUPERMARKET CORP., WILMER
TEJEDA A/K/A WILBIS G. GONZALEZ and
ROSANNA C. TEJEDA DE GONZALEZ,

               Defendants.

24 Civ. 5338 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff, Roberto De Jesus Troncoso, brings this action against Defendants, 735 Supermarket Corp., Wilmer Tejeda a/k/a Wilbis G. Gonzalez, and Rosanna C. Tejeda de Gonzalez, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law, N.Y. Lab. Law §§ 190 *et seq.*, 650 *et seq.*, for failure to pay overtime and minimum wages, recordkeeping and wage statement violations, and retaliation. *See generally* Compl., ECF No. 1. Having reached a settlement (the "Settlement") with Defendants, ECF No. 44-1, Plaintiff seeks the Court's approval of the parties' proposed agreement, *see* Letter, ECF No. 44. For the reasons stated below, Plaintiff's motion is GRANTED.

**DISCUSSION**

    I.    <u>Legal Standard</u>

    The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202. Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and

employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Lab.*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706–07 (1945)).

In accordance with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the settlement from the United States Department of Labor or a district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must establish that the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017) (citation omitted). To determine whether a settlement is fair and reasonable, courts consider "the totality of circumstances, including but not limited to the following factors":

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve settlements that contain "highly restrictive confidentiality provisions" or "overbroad" releases of claims. *Cheeks*, 796 F.3d at 206 (citation omitted).

Where the proposed settlement provides for payment of attorney's fees, the Court must assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (citation omitted). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving

2

attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010)). Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.*

II.   Analysis

The Settlement provides Plaintiff with a recovery of $4,000, inclusive of attorney's fees and costs, of which Plaintiff will ultimately receive $3,000. Letter at 2; Settlement ¶ 1. Plaintiff states that his unpaid wages and overtime total as much as $10,206, and his best possible recovery, which would include liquidated damages, is about $32,500. Letter at 2; ECF No. 44-2 at 4. Plaintiff's net result under the Settlement (*i.e.*, excluding attorney's fees and costs), therefore, amounts to twenty-nine percent of his alleged unpaid wages and nine percent of his best-case-scenario recovery.

Plaintiff's net recovery rate is lower than that of settlements typically approved by courts in this Circuit, but it is not "dramatically lower." *Zorn-Hill v. A2B Taxi LLC*, Nos. 18 Civ. 11165 & 19 Civ. 1058, 2020 WL 5578357, at *4 (S.D.N.Y. Sept. 17, 2020) (approving a recovery amount of 12.5% of plaintiffs' best-case scenario). Defendants maintain that they paid Plaintiff all his wages due, Settlement at 1, ¶ 4, and because Plaintiff lacks documentation of his hours worked and pay received, *see* ECF No. 44-2 at 1 n.3, there is a risk that a trier of fact might find that Plaintiff worked fewer hours and was thus entitled to a smaller recovery, *see* Letter at 2–3; *Penafiel v. Rincon Ecuatoriano, Inc.*, No. 15 Civ. 112, 2015 WL 7736551, at *2 (S.D.N.Y. Nov. 30, 2015) (finding a settlement with a lower recovery rate to be reasonable in part due to the lack of "records reflecting either the wages plaintiffs earned or the hours they

worked"). Accordingly, Plaintiff's lower rate of recovery is reasonable under the circumstances. *See also Aguilar v. N & A Prods., Inc.*, No. 19 Civ. 1703, 2019 WL 5449061, at *1–2 (S.D.N.Y. Oct. 24, 2019) (approving a settlement with a net recovery of four percent of the plaintiff's best-case scenario in light of "potential barriers to [the] [p]laintiff obtaining any recovery at trial and the fact that the proposed settlement arose out of arm's length bargaining").

The Court must also consider that "the range of possible recovery is only one factor relevant to settlement approval." *Penafiel*, 2015 WL 7736551, at *2. Here, all other factors weigh in favor of approval. The Court rejected the parties' initial settlement agreement in part because it was "not the product of arm's-length bargaining between experienced counsel." ECF No. 43 at 1. Subsequently, and with counsel's involvement, the parties negotiated the Settlement now before the Court, in which they have disavowed their prior agreement. *See* Letter at 3; Settlement ¶¶ 6, 10, 14. The Settlement's liability release clause is also narrower than the clause which the Court previously rejected as "overly broad." ECF No. 43 at 1; *see* Settlement ¶ 2. The present clause releases Defendants from liability only for wage-and-hour and retaliation claims arising out of Plaintiff's employment with Defendants up to the date of the execution of the Settlement. Settlement ¶ 2. "[Although] broad, the terms of the release relate specifically to wage and hour issues without encompassing, for example, prospective [claims] or discrimination claims." *Zorn-Hill*, 2020 WL 5578357, at *7 (cleaned up) (citation omitted); *see* Settlement ¶ 2. Accordingly, the Court finds that the Settlement satisfies the *Wolinsky* factors and is fair and reasonable.

Plaintiff seeks an award of $1,000 in attorney's fees, inclusive of costs, which amounts to one fourth of the total settlement amount. Letter at 4; Settlement ¶ 1. This Circuit favors the percentage-of-the-fund method for awarding attorney's fees because it "directly aligns the

4

interests of [plaintiffs] and [their] counsel," *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005) (quotation marks and citation omitted), and, unlike the lodestar method discussed below, it encourages early settlement, *Hyun v. Ippudo USA Holdings*, No. 14 Civ. 8706, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016). A "fee arrangement of one third of the settlement amount plus costs is routinely approved by courts in this Circuit." *Paganas v. Total Maint. Sol., LLC*, No. 15 Civ. 5424, 2019 WL 3716170, at *4 (E.D.N.Y. Feb. 14, 2019) (alteration adopted) (citation omitted); *see also Gonzales v. 27 W.H. Bake, LLC*, No. 15 Civ. 4161, 2018 WL 1918623, at *4 (S.D.N.Y. Apr. 20, 2018) (collecting cases). As a check on the reasonableness of attorney's fees, however, courts also calculate the "lodestar" amount, which is the "product of a reasonable hourly rate and the reasonable number of hours required by the case." *Gaia House Mezz LLC v. State St. Bank & Tr. Co.*, No. 11 Civ. 3186, 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014) (quoting *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)); *see also Lazo v. Kim's Nails at York Ave., Inc.*, No. 17 Civ. 3302, 2019 WL 95638, at *2 (S.D.N.Y. Jan. 2, 2019) (explaining that courts in this Circuit use the lodestar method "even when the proposed fees do not exceed one third of the total settlement amount").

Plaintiff's counsel, Colin Mulholland, submitted contemporaneous billing records documenting his work on this matter and the costs he incurred over the course of the litigation. ECF No. 44-3. Mulholland's records establish that he worked 4.8 billable hours at an hourly rate of $375. *Id.* The billing rate and hours expended are reasonable for an attorney of Mulholland's position and experience. *See Quispe v. Stone & Tile Inc.*, 583 F. Supp. 3d 372, 380–81 (E.D.N.Y. 2022) (collecting cases). The lodestar amount is, therefore, $1,800 in attorney's fees, plus $825 in costs. ECF No. 44-3. The requested attorney's fee award of $1,000, inclusive of costs, represents a negative multiplier of 0.38 relative to the lodestar. "Courts in this District

5

have concluded that a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases." *Lazo*, 2019 WL 95638, at *3 (citation omitted). Because Plaintiff's requested award of $1,000 in attorney's fees, inclusive of costs, amounts to only one fourth of the total settlement and the lodestar multiplier is negative, the Court finds that the award is reasonable.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for settlement approval is GRANTED and the Settlement is SO ORDERED.[1] The Clerk of Court is directed to terminate any pending motions, vacate all deadlines and conferences, and close the case.

SO ORDERED.

Dated: April 18, 2025
      New York, New York

_____
ANALISA TORRES
United States District Judge

---

[1] Plaintiff asks the Court to retain jurisdiction to enforce the Settlement. *See* ECF No. 44-1 at 8 ¶ 5. The Court shall retain jurisdiction to enforce the Settlement for one year from the date of this order.